MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
WILLIAM S. HABDAS, ESQ.
Nevada Bar No. 13138
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:  (702) 634-5000
Facsimile:  (702) 380-8572
Email: melanie.morgan@akerman.com
Email: william.habdas@akerman.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NORMA RIVERA,<br><br>                Plaintiff,<br>v.<br>SHELLPOINT MORTGAGE SERVICING,<br><br>                Defendant, | Case No.: 2:15-CV-01332-JAD-GWF<br><br>**DEFENDANT SHELLPOINT MORTGAGE SERVICING'S MOTION TO DISMISS WITH PREJUDICE** |

Defendant Shellpoint Mortgage Servicing (**Shellpoint**) moves to dismiss the complaint of plaintiff Norma Rivera (**plaintiff**) with prejudice under Federal Rule of Civil Procedure 12(b)(6).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

This Court should dismiss plaintiff's complaint. While plaintiff attempts to allege various violations of the Fair Debt Collection Practices Act (**FDCPA**), her complaint consists of conclusory allegations based on faulty legal premises, without facts necessary to state any claim under the FDCPA.  Her claims fail as a matter of law and should be dismissed with prejudice.

{35695271;1}

## II.

### STATEMENT OF FACTS

**A.    Property History and Default under Mortgage Loan.**

In March 2003, Crispin T. Rivera and plaintiff (the **Riveras**) purchased the property located at 4734 Rancho Camino Court (the **property**). (Deed, **Exhibit A**.)[1] The Riveras later refinanced the property, obtaining a loan for $584,000.00 from Gateway Bank, FSB, which was secured by deed of trust encumbering the property. (Deed of Trust, **Exhibit B**; Comp. Ex. C)  MERS acted as nominee for Gateway Bank, FSB. *Id.*  The deed of trust was assigned to The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-OA14, Mortgage Pass-Through Certificates, Series 2006-OA14, on June 22, 2011. (2011 Assignment, **Exhibit C**; Comp. Exs. C and D.)

The Riveras defaulted on their obligations under their mortgage loan on March 1, 2010 and a notice of default was recorded on February 19, 2015.  (*See* Notice of Breach and Default and Election to Cause Sell of Real Property Under Deed of Trust, **Exhibit D;** Comp. Ex. A.)  Currently, the beneficial interest in the deed of trust is held by New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, as servicer for The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-OA14, Mortgage Pass-Through Certificates, Series 2006-OA14. *Id.*

Several months after receiving the Notice of Breach and Default and Election to Cause Sell [sic] of Real Property Under Deed of Trust (**Notice of Default**), and a few weeks after receiving a letter from Shellpoint's Loss Mitigation Department acknowledging receipt of plaintiff's loss

---

[1] Shellpoint requests that the Court take judicial notice of the attached Exhibits A through E.  Under Fed. R. Evid. 201, a court may judicially notice matters of public record. *See Mack v. S. Bay Beer Distrib., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Federal Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S. Ct. 2166 (1991)); *see also Stevenson v. LeGrand*, No. 3:14–cv–00160–MMD–VPC, 2014 WL 4230856, at *2 (D. Nev. Aug. 27, 2014) (judicially noticing state court docket).  The court may judicially notice documents without having to consider defendant's motion as a motion for summary judgment. *See Breliant v. Preferred Equities Corp.*, 858 P.2d 1258, 1261 (Nev. 1993).  Exhibits B though D are also attached to plaintiff's complaint. *Wagner v. Nat'l Default Servicing Corp.,* 2:15-CV-506 JCM VCF, 2015 WL 3626506, at *1 (D. Nev. June 10, 2015) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion).

{35695271;1}                                            2

mitigation submission, plaintiff sent two letters dated June 10, 2015, demanding "verification" of the debt - one to The Bank of New York Mellon and the trustee, Old Republic National Title Insurance Company, and one to Shellpoint. (Comp. Exs. A and B.) Shellpoint responded by letter dated June 29, 2015, providing plaintiff with information about the loan and copies of the loan documents and related documents. (Comp. Ex. C.) Thereafter, plaintiff filed this suit against Shellpoint, alleging violations of FDCPA.

### III.

#### LEGAL STANDARD

The standard of review for a motion to dismiss under Fed. R. Civ. P 12(b)(6) is familiar; however, the Supreme Court has clarified the standard in significant ways. Rule 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P 8(a)(2). According to the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation' of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

A complaint cannot survive a motion to dismiss under Rule 12(b)(6) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Consequently, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (quoting *Twombly*, 550 U.S. at 556). Although a court must take as true all of the factual allegations, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 555); *see also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

{35695271;1} 3

# IV.

## LEGAL ARGUMENT

While vague and confusing, the gravamen of plaintiff's complaint appears to be that Shellpoint, the servicer of the plaintiff's loan, violated FDCPA by failing to show it is a creditor or provide plaintiff with documentation that she owes it a debt, as she claims is required by section 1692g. (Comp. ¶ 9.) Plaintiff also alleges Shellpoint violated various other sections of FDCPA, which "include, but are not limited to" sections 1692d, 1692j, 1692i, and 1692f(1). (Comp. ¶¶ 18-19.)

To state a claim for violation of the FDCPA, a plaintiff must allege facts demonstrating (1) that the defendant is a debt collector under the FDCPA, (2) that the defendant engaged in debt collection activity, and (3) the defendant violated a provision of the FDCPA. *See* 15 U.S.C. § 1692k; *Spartalian v. Citibank, N.A.*, No. 2:12-CV-00742-MMD, 2013 WL 5437347, at *3 (D. Nev. Sept. 27, 2013). Here, plaintiff fails to allege facts demonstrating that Shellpoint engaged in debt collection activity, much less violated any provision of the FDCPA. Her FDCPA claims should be dismissed with prejudice.[2]

### A.   Plaintiff Fails to Allege a Claim Under 15 U.S.C. § 1692g.

Plaintiff claims that upon receipt of the Notice of Default, she had no "specific knowledge" about the debt and sent Shellpoint a letter asking it to "validate" it. (Comp. ¶¶ 7-8, Ex. B.) Plaintiff's purported "validation" demand" actually appears to be two letters – the one to The Bank of New York Mellon referencing the Notice of Default, and the one to Shellpoint referencing the letter from its Loss Mitigation Department dated May 18, 2015, which acknowledges receipt of a loss mitigation submission by plaintiff. (Comp. Ex. B.) Notably, neither of the purported "validation

---

[2] While Plaintiff also fails to plead factual content that allows the court to draw the reasonable inference that Shellpoint is a "debt collector" as defined by the FDCPA, *see Schlegel v. Wells Fargo Bank, NA,* 720 F.3d 1204, 1208 (9th Cir. 2013), Shellpoint will focus on plaintiff's failure to allege facts demonstrating that Shellpoint engaged in debt collection activity or violated any provision of the FDCPA. *See also Hamilton v. Home Sales Inc.,* 588 Fed. Appx. 698, 699 (9th Cir. 2014) ("The district court properly dismissed the Hamiltons' Federal Debt Collection Practices Act ('FDCPA') claim because the Hamiltons failed to allege facts sufficient to show that any defendant is a debt *699 collector within the meaning of the FDCPA.").

{35695271;1}                                          4

demands" asked for any statutorily required debt validation items, but instead asked for proof that there is an "executed agreement that memorializes the transaction" between plaintiff and The Bank of New York Mellon and plaintiff and Shellpoint, respectively, that supports the alleged debt, and threatened to file suit if that "proof" was not provided. *Id.*

While debt validation is required in certain circumstances under the section 1692g of the FDCPA, such circumstances are not met here. Section 1692g applies to initial communications with a consumer in connection with the collection of a debt. *Id.* Plaintiff makes no allegation, nor can she in good faith, that her request was in response to an initial communication by Shellpoint in connection with the collection of a debt. The mailing of a notice of default does not qualify as debt collection. *Huck v. Countrywide Home Loans*, No. 3:09–CV–553 JCM (VPC), 2011 WL 3274041, at * 2 (D. Nev. July 29, 2011) (stating that "[t]his court agrees with other courts in the Ninth Circuit that notices of default do not qualify as debt collection) (citing *Maynard v. Cannon,* 650 F. Supp. 2d 1138, 1142 (D. Utah 2008)). In fact, non-judicial foreclosure proceedings, in general, do not fall within the purview of the FDCPA. *See, e.g., Mays v. Ocwen Loan Servicing, LLC,* No. 2:14–cv–01593–APG–CWH, 2015 WL 3764922, at *3 (D. Nev. June 15, 2015) ("It appears that Mays's claims arise out of a nonjudicial foreclosure and thus are outside of the scope of the FDCPA."); *Wagner v. Nat'l Default Servicing Corp.*, 2:15-CV-506 JCM VCF, 2015 WL 3626506, at *4 (D. Nev. June 10, 2015).

In fact, this case is nearly identical to the *Wagner* case. In that case, the trustee, National Default Servicing Corporation (NDSC) mailed a letter to borrower Paul Wagner, informing him that NDSC was initiating non-judicial foreclosure proceedings on the property securing the loan. *Wagner,* 2015 WL 3626506, at *1. Wagner sent a response claiming no knowledge of the loan at issue and requesting documentation to support NDSC's right to non-judicially foreclose. *Id.* After NDSC responded with a packet of information, Wagner and his spouse filed a single-count pro se complaint alleging violations of the FDCPA, using the same form document as the complaint filed by plaintiff in this action.[3] *Id.* Defendant U.S. Bank National Association then moved to dismiss,

---

[3] A copy of the complaint in the *Wagner* case, which is substantively the same as plaintiff's complaint, is attached hereto as **Exhibit E.**

{35695271;1}                     5

and NDSC joined the motion. *Id.* The Court found that "[a]s a matter of law, the FDCPA does not apply to the enforcement by non-judicial foreclosure of a security interest in property," and dismissed the Wagners' claim because it did not plausibly state a cause of action upon which relief can be granted *Id.* at *4.

Additionally, Section 1692g allows a consumer to request verification of a debt at most within thirty-five days of receiving the initial communication from a debt collector. *See* 15 U.S.C. § 1692g. Plaintiff does not allege that she sent the request the verify her debt within this time period. Indeed, her letter indicates she received the Notice of Default on February 26, 2015, and her letter was not sent June 10, 2015. As such, her claim fails. *Enriquez v. Red Rock Financial Services, LLC*, No. 2:14–cv–02118–GMN–CWH, 2015 WL 1186570, at *4 (D. Nev. Mar. 16, 2015) ("Plaintiff's verification request was outside the thirty day window provided in Section 1692g. Accordingly, Plaintiff has not alleged facts that support a reasonable inference that Defendant violated Section 1692d of the FDCPA [by not responding to her verification request.]"). As for Shellpoint's May 18, 2015 letter acknowledging receipt of plaintiff's loss mitigation submission, plaintiff has not alleged facts to show that letter was an initial communication with plaintiff to collect on her debt triggering section 1692g's validation provisions. Indeed, on its face that correspondence was sent from Shellpoint's Loss Mitigation Department in response to documents submitted by plaintiff for loss mitigation purposes.

However, despite the lack of an initial communication to collect a debt and the inadequacies of plaintiff's purported "validation demands", it must be noted Shellpoint attempted to assist her. It responded by letter dated June 29, 2015, providing information about the loan and copies of the loan documents and other relevant documents. Plaintiff fails to allege that Shellpoint did not provide her with the information required by section 1692g. Instead, she claims Shellpoint did not "provide one scintilla of proof of their [sic] alleged debt." (Comp. ¶ 35.) Based on her purported "validation demands", plaintiff appears to referring to her demand for proof that The Bank of New York Mellon and/or Shellpoint was the original lender or otherwise has contracted directly with the Riveras. This falls far afield of debt validation requirements contained in section 1692g.

{35695271;1}   6

As for any claim that Shellpoint's response was improper because it included an allegedly invalid assignment of deed of trust, plaintiff lacks standing to challenge any assignment of the deed of trust. Courts have concluded that a borrower does not have standing to challenge the validity of an assignment. *See Wagner v. Nat'l Default Servicing Corp.,* 2:15-CV-506 JCM VCF, 2015 WL 3626506, at *4 n. 1 (D. Nev. June 10, 2015) ("Defendants correctly argue that plaintiff would not have standing to bring a claim for improper transfer even if it did exist, and therefore the transfer is valid at least until properly contested in court"); *Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 717 F. Supp. 2d 724, 746-747 (E.D. Mich. 2010) (holding that a plaintiff who was not and is not a party to any assignments at issue "lacks standing to challenge their validity or the parties' compliance with those contracts here"); *aff'd,* 399 Fed. Appx. 97, 102 (6th Cir. 2010) (stating "there is ample authority to support the proposition that "a litigant who is not a party to an assignment lacks standing to challenge the assignment"); *Turner v. Lerner, Sampson & Rothfuss*, No. 1:11-cv-00056, 2011 WL 1357451, at *2 (N.D. Ohio Apr. 11, 2011); *Jarbo v. BAC Home Loan Servicing*, No. 10–12632, 2010 WL 5173825, at *8 (E.D. Mich. Dec. 15, 2010); *Bridge v. Aames Capital Corp.*, No. 1:09-cv-2947, 2010 WL 3834059, at *2 (N.D. Ohio Sept. 29, 2010).

Finally, it must be noted that Section 1692g(b) requires a debt collector who receives from a consumer written notice disputing a debt to cease collection of the debt directly from the consumer until it has obtained either verification of the debt and provided it to the consumer. *See Guerrero v. RJM Acquisitions LLC,* 499 F.3d 926, 934 (9th Cir. 2007). Plaintiff fails to allege any facts to support that she received any subsequent debt collection notices from Shellpoint, or that the Shellpoint made any further communications requesting that plaintiff pay the alleged debt, after Shellpoint's purportedly insufficient response. As such, plaintiff has failed to raise a plausible inference that Shellpoint violated Section 1692g of the FDCPA. *See Bailey v. Homeowner Ass'n Services, Inc.,* 2:15-CV-0032-GMN, 2015 WL 1961338, at *2 (D. Nev. Apr. 29, 2015).

Accordingly, Shellpoint's response shows it responded appropriately and beyond what was required. Plaintiff has not, and cannot, allege that Shellpoint's actions give rise in any manner to a FDCPA claim. Plaintiff's claims should be dismissed with prejudice.

### B.     Plaintiff Fails to Allege a Claim Under Any Other FDCPA Sections.

Plaintiff also recites various other FDCPA sections of Shellpoint purportedly violated, which "include, but are not limited to" sections 1692d, 1692j, 1692i, and 1692f(1).  (Comp. ¶ 36.)  However, these claims do not met the minimal pleading requirements. Plaintiff states conclusively that Shellpoint violated these FDCPA sections, but there are no facts remotely pled to support the claims. Simply reciting statutory sections, without more, is legally insufficient and does not state a claim. *Iqbal*, 556 U.S. at 663 (for a claim to be facially plausible, a plaintiff must plead "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

Nor does a review of these sections show how they are applicable to plaintiff's claims.  Section 1692d prohibits harassment or abuse in debt collecting, such as the threat or use of violence, obscene or profane language, or excessive phone calls, while Section 1692d prohibits the furnishing of deceptive forms in debt collecting.  15 U.S.C. §§ 1692d and 1692d.  Plaintiff has not alleged any such actions by Shellpoint.  Section 1692i pertains to venue on actions brought by debt collectors.  15 U.S.C. §§ 1692i.  Plaintiff has not alleged Shellpoint brought an action on plaintiff's debt in an improper venue.  Section 1692f(1) indicates a debt collector cannot collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not authorized by the agreement creating the debt or permitted by law.  15 U.S.C. §§ 1692f(1).  Plaintiff has not identified any specific amount that was sought to be collected by Shellpoint not permitted by the loan documents or law.  As such, plaintiff's claims fail. *Hernandez v. Wells Fargo Home Mortg.*, 2:14-CV-1500 JCM VCF, 2015 WL 1204985, at \*7 (D. Nev. Mar. 16, 2015) (rejecting FDCPA claim where plaintiff merely restates several provisions of 15 U.S.C. §§ 1692a–1692o without pleading any facts which would suggest any one of these provisions had been violated); *see also Bailey,* 2015 WL 1961338, at \*2 n. 2 ("The Complaint, without elaborating, also lists Sections 1692d, 1692f, 1692f(1), and 1692f(6) of the FDCPA as additional provisions that Defendant has violated . . . It is unclear whether Plaintiff intended to assert additional claims for relief under these sections; however, as these allegations amounts to nothing more than a series of unsupported legal conclusions, they are properly dismissed pursuant to Rule 12(b)(6).")

1   Plaintiff only claims Shellpoint "knew it was not entitled to collect on the non-existent debt"
2 and again makes vague and rambling challenges to the validity of assignment of deed of trust.
3 (Comp. ¶¶ 19-37.) However, as noted above, plaintiff lacks standing to challenge any assignment of
4 the deed of trust.  Plaintiff also makes vague assertions regarding MERS, apparently pursuant to a
5 belief that the involvement of MERS somehow invalidates the loan transaction and the debt, which
6 is simply untrue.  As such, Plaintiff's FDCPA claims fail.

## V.

### CONCLUSION

The Court should grant Shellpoint's motion to dismiss with prejudice, as plaintiff's claims under the FDCPA cannot stand under any circumstances.  Shellpoint also requests a finding that this action was brought in bad faith and for the purpose of harassment and an award of its attorney's fees and costs.

DATED:  August 14, 2015.

**AKERMAN LLP**

/s/  *Melanie Morgan*
MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
WILLIAM S. HABDAS, ESQ.
Nevada Bar No. 13138
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

*Attorneys for Defendant Shellpoint Mortgage Servicing*

{35695271;1}   9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 14, 2015 and pursuant to FRCP 5, I served a true and correct copy of the foregoing **DEFENDANT SHELLPOINT MORTGAGE SERVICING'S MOTION TO DISMISS WITH PREJUDICE,** postage prepaid and addressed:

Norma Rivera
4734 Rancho Camino Court
Las Vegas, NV 89129

*Pro Se Plaintiff*

/s/ *Lucille Chiusano*
An employee of AKERMAN LLP

{35695271;1}                            10