MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
WILLIAM S. HABDAS, ESQ.
Nevada Bar No. 13138
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:   (702) 634-5000
Facsimile:    (702) 380-8572
Email: melanie.morgan@akerman.com
Email: william.habdas@akerman.com

*Attorneys for Defendant Shellpoint Mortgage Servicing*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NORMA RIVERA,<br><br>                    Plaintiff,<br><br>v.<br><br>SHELLPOINT MORTGAGE SERVICING,<br><br>                    Defendant, | Case No.: 2:15-cv-01332-JAD-GWF<br><br>**DEFENDANT SHELLPOINT MORTGAGE SERVICING'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

This Court should grant the motion to dismiss filed by Shellpoint Mortgage Servicing (**Shellpoint**) and dismiss the complaint of plaintiff Norma Rivera (**plaintiff)** with prejudice. Plaintiff fails to oppose the substance of Shellpoint's motion to dismiss in any meaningful way or demonstrate that she can state a valid claim. Plaintiff's opposition merely consists of form arguments strung together with conclusory allegations that Shellpoint violated the Fair Debt Collection Practices Act (**FDCPA)**.[1] Plaintiff's claims under the FDCPA cannot stand under any circumstances and should be dismissed with prejudice.

---

[1] Plaintiff's opposition also contains an assertion that Shellpoint violated the Fair Credit Reporting Act (**FCRA**). However, plaintiff's complaint does not contain a FCRA claim and there are no facts provided in the complaint or the opposition to support such a claim.

## I.    PLAINTIFF FAILS TO STATE A CLAIM UNDER 15 U.S.C. § 1692g.

Much like the complaint, the bulk of plaintiff's opposition appears taken from a form document and makes various statements of law and purported law regarding debt collectors and creditors, the FDCPA, and REMIC trusts. However, plaintiff fails to explain how that law defeats the arguments raised in the motion to dismiss. Nor does plaintiff identify any facts pled in her complaint that support her claims. In contrast, Shellpoint's motion to dismiss sets forth specific grounds why plaintiff's complaint fails and should be dismissed with prejudice:

- The trustee's notice of default does not qualify as debt collection by Shellpoint. Nor does plaintiff allege that she sent her purported validation demand under section 1692g within the appropriate time period after receiving the notice of default. (Dkt. 6 at pgs. 5-6).

- Plaintiff failed to allege facts to show that Shellpoint's letter acknowledging receipt of plaintiff's loss mitigation submission was an initial communication under section 1692g. (*Id.* at pg. 6).

- Neither of plaintiff's purported validation demands under section 1692g asked for any statutorily required debt validation items, and plaintiff fails to allege that Shellpoint did not provide her with the required information. Instead, she claims that The Bank of New York Mellon and/or Shellpoint failed to prove it was the original lender or otherwise has contracted directly with the Riveras, which is not required under section 1692g. (*Id.*).

…

…

…

2

- The complaint and attached letter from Shellpoint shows that it provided plaintiff with information about the loan and copies of the loan documents and other relevant documents by letter dated June 29, 2015.  This letter shows Shellpoint responded appropriately and beyond what was required. (*Id.*).

- Any claim that Shellpoint's response was improper because it included an allegedly invalid assignment of deed of trust fails as plaintiff lacks standing to challenge any assignment of the deed of trust. (*Id.* at pg. 7).

- Plaintiff fails to allege any facts to support that she received any subsequent debt collection notices from Shellpoint or that the Shellpoint made any further communications requesting that plaintiff pay the alleged debt, after Shellpoint's purportedly insufficient response. (*Id.*).

Plaintiff does not specifically respond to any of the above arguments.  Instead, in an attempt to confuse the issues, plaintiff repeatedly asserts that Shellpoint is a debt collector because the deed of trust was assigned after the Riveras' March 1, 2010 default and cites *Mallory v. McCarthy & Holthus, LLP*, 2:14-CV-00396-KJD, 2015 WL 2185413, at *1 (D. Nev. May 11, 2015) to argue Shellpoint engaged in debt collection. (Dkt. 10 at pgs. 2-3 and Exhibit A).  Plaintiff further argues that she and another pro se plaintiff, Perla Hernandez, "have taken cases together and filed similar complaints for similar actions," and that Ms. Hernandez's case was not dismissed because the judge purportedly told the defendant in that action it was a debt collector. (*Id.* at pg. 5 and Exhibit B).

…

…

…

…

3

Plaintiff's argument is misleading and misses the mark.  Shellpoint's motion to dismiss is not based on an argument that it is not a debt collector.  While Shellpoint noted that plaintiff failed to plead factual content that allows the court to draw the reasonable inference that Shellpoint is a debt collector as defined by the FDCPA, Shellpoint's motion to dismiss focuses on plaintiff's failure to allege facts demonstrating that Shellpoint engaged in debt collection activity or violated any provision of the FDCPA for the specific reasons above.  (Dkt. 6 at pg. 4 n. 2).  *Mallory* is also distinguishable.  That case involved letters sent from a law firm to the plaintiffs stating their mortgages were past due and providing information on how to avoid foreclosure and about their loans.  *Mallory*, 2015 WL 2185413, at *1. The plaintiffs argued the letters violated the FDCPA by failing to provide certain FDCPA-required information, while the defendant contended it was not a debt collector or engaged in debt collection.  *Id.* at *2.  The Court denied the defendant's motion to dismiss, as the plaintiffs alleged the defendant regularly engaged in debt collection both for itself and on behalf of others and the letters contained specific language stating the letters were an attempt to collect a debt.  *Id.*

Here, unlike in *Mallory,* the challenged communications to plaintiff are not letters from a law firm allegedly attempting to collect a debt or missing certain FDCPA-required information.  Instead, plaintiff alleges that she made debt validation demands after receiving the Notice of Default and Shellpoint's May 18, 2015 loss mitigation submission acknowledgment letter, but Shellpoint failed to properly respond.  (Dkt. 1).  As noted in the motion to dismiss, though, the mailing of a notice of default does not qualify as debt collection.  (Dkt. 6 at pg. 5).  *See also O'Connor v. JP Morgan Chase,* No.: 4:14–cv–00178–KAW, 2014 WL 2216011, at *8-9 (N.D. Cal. May 29, 2014) (dismissing FDCPA claim with prejudice because the conduct complained of was "part and parcel" of foreclosure proceedings).

4

Even assuming *arguendo* that the Notice of Default did qualify as debt collection, the Notice of Default appears to have been sent by Old Republic National Title Insurance Company, not by Shellpoint, and plaintiff made her purported validation demand based on that Notice of Default to The Bank of New York Mellon and Old Republic National Title Insurance Company, not to Shellpoint. (Dkt. 1, Exhibit B). Additionally, plaintiff does not allege that she sent the request to The Bank of New York Mellon and Old Republic National Title Insurance Company within the appropriate time period. *See* 15 U.S.C. § 1692g.

As for the loss mitigation submission acknowledgment letter, as noted in the motion to dismiss, plaintiff has not alleged facts to show that letter was an initial communication with plaintiff to collect on her debt triggering section 1692g's validation provisions. (Dkt. 10 at pg. 6). Indeed, on its face that correspondence was sent from Shellpoint's Loss Mitigation Department in response to documents submitted by plaintiff for loss mitigation purposes. (*Id.*).

Plaintiff also ignores the substance of Shellpoint's response to her purported validation demands, simply dismissing that response as "improper." While plaintiff rehashes her arguments about "REMIC trusts" and the allegedly invalid assignment of the deed of trust, she fails to cite any law to support that she has standing to challenge any assignment of the deed of trust, and there is a plethora of case law to the contrary. *See, e.g., Troxel v. Deutsche Bank National Trust Company,* No. 14–00342 LEK–RLP, 2015 WL 4603099, at *4-5 (D. Haw. July 30, 2015). Similarly, while plaintiff claims that under Hawaii, Connecticut, and Illinois law that "validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account, Dkt. 10 at pg. 8, the Ninth Circuit has held that in the FDCPA realm "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Clark v. Capital Credit &*

5

*Collection Servs., Inc.,* 460 F.3d 1162, 1173-74 (9th Cir. 2006) (quoting *Chaudhry v. Gallerizzo*, 174 F.3d 394 (4th Cir. 1999)).  Debt collectors have no duty to independently investigate a borrower's claims or to verify the validity of the underlying debt. *Id.* at 1174.   Plaintiff has failed to allege any facts or law supporting her claim that Shellpoint's response was improper.   Moreover, as noted in the Motion to Dismiss and above, plaintiff also fails to allege any facts to support that she received any subsequent debt collection notices from Shellpoint, or that the Shellpoint made any further communications requesting that plaintiff pay the alleged debt, after Shellpoint's purportedly insufficient response.   (Dkt. 6 at pg. 7).

Finally, as for plaintiff's argument that her FDCPA claims should survive a motion to dismiss because Ms. Hernandez's claims did, plaintiff's claims must survive on their own merit.  While there does appear to be some similarity in language of plaintiff's complaint and Ms. Hernandez's complaint, presumably as they used the same form documents, the complaints and the underlying facts are not identical.   Indeed, plaintiff's complaint and the underlying facts are more like the complaint and the facts in *Wagner v. Nat'l Default Servicing Corp.*, 2:15-CV-506 JCM VCF, 2015 WL 3626506, at *4 (D. Nev. June 10, 2015), which was dismissed.  Plaintiff simply has not alleged and cannot allege in this case that Shellpoint's actions give rise to a FDCPA claim.  Plaintiff's claims should be dismissed with prejudice.

…

…

…

…

…

…

6

### II. PLAINTIFF FAILS TO ALLEGE A CLAIM UNDER ANY OTHER FDCPA SECTIONS.

As for plaintiff's other purported FDCPA claims under sections 1692d, 1692j, 1692i, and 1692f(1), Local Rule 7-2(d) provides that "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d). Here, Plaintiff does not even attempt to respond to Shellpoint's arguments on these claims. Plaintiff only makes the bare statements that Shellpoint violated Section 1692d and Section 1692f and that Shellpoint made an unspecified "faulty presumption" and "violated" Section 1692. (Dkt. 10 at pg. 9). Plaintiff also alleges unspecified "coercive" actions and statements made to her and unspecified "multiple communications" from Shellpoint that caused her to lose sleep and suffer emotional trauma. (*Id.*). Additional conclusory allegations do not salvage plaintiff's FDCPA claims, and the Court should dismiss these claims with prejudice. *See Florio v. Vista Pac. Holdings*, 2:11-CV-01991-MMD, 2012 WL 3023265, at *4-7 (D. Nev. July 24, 2012) (dismissing various claims because plaintiff "fails to respond specifically to the Defendants' arguments regarding these claims" in violation of this Court's local rules); *Wrzesinski v. Wells Fargo Bank, N.A.*, 2:10-CV-02085-GMN, 2011 WL 2413843, at *1 (D. Nev. June 10, 2011) (granting motion to dismiss "because Plaintiffs have failed to respond properly to [Defendant's] motion.").

…
…
…
…
…
…
…
…

7

### III. CONCLUSION.

For the reasons stated above, Defendant Shellpoint Mortgage Servicing respectfully requests that this Court dismiss the Complaint with prejudice.

DATED this 8th day of September, 2015.

**AKERMAN LLP**

*/s/ Melanie D. Morgan, Esq.*
MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
WILLIAM S. HABDAS, ESQ.
Nevada Bar No. 13138
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

*Attorneys for Defendant Shellpoint Mortgage Servicing*

8

## CERTIFICATE OF SERVICE

I hereby certify that on September 8th, 2015 and pursuant to FRCP 5, I served a true and correct copy of the foregoing **DEFENDANT SHELLPOINT MORTGAGE SERVICING'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** postage prepaid and addressed:

Norma Rivera
4734 Rancho Camino Court
Las Vegas, Nevada 89129

*Pro Se Plaintiff*

*/s/ Allen G. Stephens*
An employee of AKERMAN LLP

9