MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
WILLIAM S. HABDAS, ESQ.
Nevada Bar No. 13138
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:   (702) 634-5000
Facsimile:    (702) 380-8572
Email: melanie.morgan@akerman.com
Email: william.habdas@akerman.com

*Attorneys for Defendant Shellpoint Mortgage Servicing*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NORMA RIVERA,<br><br>                   Plaintiff,<br><br>v.<br><br>SHELLPOINT MORTGAGE SERVICING,<br><br>                   Defendant, | Case No.: 2:15-cv-01332-JAD-GWF<br><br>**DEFENDANT SHELLPOINT MORTGAGE SERVICING'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Shellpoint opposes the motion for summary judgment filed by plaintiff Norma Rivera (**plaintiff**). Plaintiff's motion is based on a flawed premise, is not supported by admissible evidence, and is premature given that discovery has just opened in this case. For these reasons, Shellpoint respectfully requests that this Court deny the Motion.

…

…

…

…

…

Plaintiff's sole argument is fatally flawed. Plaintiff argues that Shellpoint violated the Fair Debt Collection Practices Act (**FDCPA**) by "claiming to have the authority to foreclose" on behalf of The Bank of New York Mellon, when The Bank of New York Mellon indicated to her that it does not "hold the note on [her] property" or "own the note". Motion, ¶¶ 1-2. Plaintiff attaches purported email correspondence with The Bank of New York Mellon and a purported letter from Shellpoint in support of her motion. Motion, Exhibit A. Plaintiff does not relate her argument to any of the allegations in her complaint nor does plaintiff articulate which FDCPA section Shellpoint purportedly violated. Even more significantly, her argument fails because her underlying premise is completely erroneous.

Specifically, plaintiff seems to believe the purported email from The Bank of New York Mellon, which states that it is a Trustee and "does not physically own the loan or the property", disproves the statements in the purported letter from Shellpoint that the owner of the loan is Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-OA14, thus leading to a violation of the FDCPA. *See* Motion, Exhibit A. However, Shellpoint has never claimed that The Bank of New York Mellon owns the loan in its individual capacity. The Bank of New York Mellon is the Trustee for the investment trust at issue, i.e., it is Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-OA14, Mortgage Pass-Through Certificates, Series 2006-OA14. It "owns" the loan in that capacity, and Shellpoint services the loan for The Bank of New York Mellon as Trustee. With this understanding, there is no inconsistency in the documents included in the Exhibit A to the Motion, and plaintiff's argument falls apart. As Shellpoint commits no FDCPA violation by servicing the loan for a trustee of an investment trust, the Motion should be denied.

…

2

In addition, plaintiff's motion must be denied for a more basic reason – she fails to include any admissible evidence. A trial court can only consider admissible evidence in ruling on a motion for summary judgment. "Authentication is a 'condition precedent to admissibility,' and this condition is satisfied by 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *Orr v. Bank of Am., NT & SA,* 285 F.3d 764, 773 (9th Cir. 2002) (citations omitted) (quoting Fed. R. Evid. 901(a)). Therefore, a court may not consider unauthenticated documents when deciding a motion for summary judgment. *Id.*

A party must support or refute an assertion of a fact with admissible evidence. *Unite Here Health v. Gilbert,* No. 213CV00937JADGWF, 2015 WL 5766511, at \*3 (D. Nev. Sept. 30, 2015). "Litigants cannot, therefore, merely attach documents to a summary-judgment motion or response without affirmatively demonstrating authenticity of the documents." *Id.* Here, plaintiff has not provided any admissible evidence in support of the motion, as the emails and letter in Exhibit A are not authenticated. In addition, Exhibit A also contains inadmissible hearsay statements. Fed. R. Evid. 801(c)(2). As such, the motion should be denied as it is not supported by admissible evidence.

…

…

…

…

…

…

…

…

…

3

Plaintiff's motion is also premature.  The Discovery Plan and Scheduling Order for this case was only recently entered on September 25, 2015, and no other discovery other than initial disclosures has taken place.  Discovery in this case is open until February 8, 2016.  *See* Dkt. 18.  If Shellpoint's pending motion to dismiss is denied, Shellpoint should be given the opportunity to conduct discovery as to the basis of plaintiff's FDCPA claims prior to any adjudication of summary judgment.  "Only after discovery occurs can the court conclusively determine if a non-moving party has met its burden to provide admissible evidence that shows a genuine issue of material fact."  *JMT Capital Holdings, LLC v. Johnson,* No. 3:15-CV-00291-LB, 2015 WL 3832674, at *10 (N.D. Cal. June 19, 2015); *see also Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation,* 323 F.3d 767, 773 (9th Cir. 2003) (where summary judgment motion is filed early in the litigation "before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," a district court should "freely" defer or deny such a motion).  Plaintiff's complaint is vague and contains very few facts. If the complaint is not dismissed, Shellpoint will need to serve written discovery and depose plaintiff to determine the basis of her claims.  As such, the Motion should be denied as premature.

…

…

…

…

…

…

…

…

4

For the reasons stated above, Shellpoint respectfully requests that this Court deny plaintiff's motion for summary judgment.

DATED this 13th day of October, 2015.

           **AKERMAN LLP**

           */s/ Melanie D. Morgan, Esq.*
           MELANIE D. MORGAN, ESQ.
           Nevada Bar No. 8215
           WILLIAM S. HABDAS, ESQ.
           Nevada Bar No. 13138
           1160 Town Center Drive, Suite 330
           Las Vegas, Nevada 89144

           *Attorneys for Defendant Shellpoint Mortgage Servicing*

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2015 and pursuant to FRCP 5, I served a true and correct copy of the foregoing **DEFENDANT SHELLPOINT MORTGAGE SERVICING'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,** postage prepaid and addressed:

Norma Rivera
4734 Rancho Camino Court
Las Vegas, Nevada 89129

*Pro Se Plaintiff*

/s/ Allen G. Stephens
An employee of AKERMAN LLP

6