1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Norma Rivera,

     Plaintiff

v.

Shellpoint Mortgage Servicing,

     Defendant

2:15-cv-01332-JAD-GWF

**Order Granting Motion to Dismiss and Denying as Moot Motion for Summary Judgment**

[ECF 6, 14]

      Pro se plaintiff Norma Rivera sues Shellpoint Mortgage Servicing for alleged violations of the federal Fair Debt Collections Practices Act (FDCPA).[1]  Rivera alleges that Shellpoint engaged in harassing and abusive practices in violation of the Act by sending her a notice of default and election to sell and by failing to sufficiently "verify" or "validate" the debt upon her request.  Shellpoint moves to dismiss with prejudice, arguing that the facts alleged by Rivera fail to state a claim for relief as a matter of law.[2]  I agree.  I grant the motion to dismiss, give Rivera until February 1, 2016, to file a proper motion to amend if she can cure the deficiencies in her complaint, and deny Rivera's pending motion for summary judgment as moot.

## Background

      In March 2003, Norma Rivera and her husband purchased the property located at 4734 Rancho Camino Court.[3]  The Riveras later refinanced the property, obtaining a loan for $584,000.00 from Gateway Bank, FSB, which was secured by a deed of trust on the property.[4]  The Riveras defaulted on their mortgage in March 2010.[5]  On June 22, 2011, Gateway assigned the deed of trust

---

[1] ECF 1.

[2] ECF 6.

[3] ECF 6-1.

[4] ECF 6-2, ECF 1 at 58–71.

[5] ECF 6-4, ECF 1 at 15–16.

1   to The Bank of New York Mellon;[6] a notice of default and election to sell was recorded on February

2   19, 2015.[7]  Since March 1, 2014, Shellpoint, as servicer for The Bank of New York Mellon, has held

3   the beneficial interest in the deed of trust.[8]

4        Four months after receiving the notice of default,[9] Norma Rivera sent two letters dated June

5   10, 2015, to Shellpoint demanding "verification" or "validation" of the debt.[10]  In one letter, Rivera

6   requests "the alleged original genuine executed agreement that memorializes the transaction between

7   you and I that support your alleged debt."[11]  In the other, Rivera again disputes the debt and requests

8   that Shellpoint explain the term "valuable consideration" in the deed of assignment and provide

9   proof of payment.[12]  Shellpoint responded by letter dated June 29, 2015, with information about the

10  loan and copies of the loan and related documents.[13]  Shellpoint also told Rivera that some of her

11  inquiries fell outside the scope of a qualified written request because they related to the origination of

12  the loan.[14]  Shellpoint explained that, while it was required to respond to inquiries relating to the

13  servicing of the loan, it was not required to respond to "inquiries related to origination, underwriting,

14  subsequent sale or securitization, or determination to sell, assign, or transfer the servicing of the

15  mortgage loan."[15]

16

17  ────────────

18  [6] ECF 6-3, ECF 1 at 44–45.  The full name of the owner of the debt is Bank of New York Mellon
    f/k/a The Bank of New York as Trustee for the Certificates, Series 2006-OA14.  ECF 6-3.

19  [7] ECF 6-4, ECF 1 at 15–16.

20  [8] *Id.*

21  [9] ECF 1 at 21.

22  [10] *Id.* at 24–25, 33–34.

23  [11] *Id.* at 33–34.

24  [12] *Id.* at 25.

25  [13] *Id.* at 41–42.

26  [14] *Id.* at 41.

27

28  [15] *Id.* at 42.

Rivera alleges that Shellpoint violated §§ 1692d, 1692g, 1692j, 1692i, and 1692f(1) of the Act by sending her the notice of default and election to sell and failing to sufficiently verify the existence of the alleged debt upon request.[16]  Shellpoint moves to dismiss with prejudice, arguing that Rivera fails to state a claim under any section of the Act.[17]  Rivera responds that Shellpoint is a debt collector and that debt collectors cannot foreclose on property.  She also claims that Shellpoint did not sufficiently verify the debt because it did not squarely comply with her validation request.[18]

**Discussion**

**A.     Motion-to-Dismiss Standards**

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[19]  While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[20]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[21]  In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[22]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss.  First, the court must accept as true all well-pled factual allegations

---

[16] *Id.* at 9.

[17] ECF 6.

[18] ECF 10.

[19] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[20] *Twombly*, 550 U.S. at 570.

[21] *Iqbal*, 556 U.S. at 678.

[22] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[23] Mere recitals of a claim's elements, supported only by conclusory statements, are insufficient.[24] Second, the court must consider whether the well-pled factual allegations state a plausible claim for relief.[25]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[26]  A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[27]

**B.      Evidence Outside the Pleadings**

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."[28] Otherwise, the motion must be converted into one for summary judgment.  A court may, however, consider documents beyond the pleadings if (1) "the complaint necessarily relies upon [the] document" or (2) "the contents of the document are alleged in the complaint, the document's authenticity is not in question," and the document's relevance is not in dispute.[29]  A court may also "take judicial notice of adjudicative facts not subject to reasonable dispute."[30]  For purposes of this motion, I take judicial notice of the deed of trust,[31] the assignment of deed of trust,[32] and the notice of

---

[23] *Iqbal*, 556 U.S. at 678–79.

[24] *Id.*

[25] *Id.* at 679.

[26] *Id.*

[27] *Twombly*, 550 U.S. at 570.

[28] *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

[29] *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

[30] *United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994);  FED. R. EVID. 201(a)–(f).

[31] ECF 6-1, ECF 1 at 58–71.

[32] ECF 6-3, ECF 1 at 44–45.

1  default[33] because these are matters of public record offered by both parties and their authenticity is

2  not subject to reasonable dispute.  I also consider both of Rivera's June 10, 2015, letters to

3  Shellpoint requesting verification or validation of the debt[34] and Shellpoint's June 29, 2015,

4  response[35] and enclosures[36] because the complaint relies upon these documents, their authenticity is

5  not in question, and their relevance is undisputed.

6  **C.      Rivera fails to state a claim under the FDCPA.**

7       The FDCPA prohibits "abusive, deceptive, and unfair debt collection practices."[37]  To be

8  liable for a violation of the Act, "the defendant must—as a threshold requirement—be a 'debt

9  collector' within the meaning of the Act[]."[38]  The term "debt collector" includes mortgage-servicing

10 companies if the debt was in default at the time the company began servicing the loan.[39]

11      Rivera has alleged that Shellpoint began servicing her loan after it went into default, and

12 documents attached to the complaint show that Shellpoint began servicing the loan on March 1,

13 2014—approximately four years after the Riveras defaulted on their loan.  Because Shellpoint

14 qualifies as a debt collector under the Act, I next consider whether Rivera has sufficiently alleged

15 any violation of the Act.

16      Rivera first alleges that Shellpoint violated the Act by sending her a notice of breach and

17 default and election to sell.  Courts in this district and others in the Ninth Circuit have consistently

18 held that the initiation of non-judicial foreclosure proceedings is not debt collection within the

---

[33] ECF 6-4, ECF 1 at 15–16.

[34] ECF 1 at 24–25, 33–34.

[35] *Id.* at 41–116,

[36] *Id.* at 44–112.

[37] 15 U.S.C. § 1692.

[38] *Heintz v. Jenikins*, 514 U.S. 291, 294 (1995).

[39] S. REP. NO. 95–382, 3–4 (1977), U.S. Code Cong. & Admin. News 1977, at 1695, 1698.

1   meaning of the Act.[40]   Rivera does not allege that Shellpoint violated the Act by failing to provide

2   the "Mini-Miranda" warning (notice that it is a "debt collector" and is attempting to collect on a

3   debt) on the notice of default and election to sell, nor can she.  The notice contains the required

4   warnings.[41]  Simply recording a notice of default is not an unfair collection activity, and Rivera

5   offers no facts to suggest that the notice of default failed to contain the required warnings or is

6   otherwise defective under the law.

7        Rivera next alleges that Shellpoint violated the Act by failing to comply with the 30-day

8   validation-notice requirements.  She insists that, despite her requests, Shellpoint has failed to provide

9   "one scintilla of proof of [its] alleged debt."[42]  Shellpoint responds that Rivera's claim fails because

10  she sent the request for verification outside of the 30-day period.  And, even if her request were

11  timely, Shellpoint complied with § 1692g's validation requirements.[43]

12       Under § 1692g(b), a consumer has 30 days from the date of the initial communication with

13  the debt collector to dispute the debt and request verification.  If the consumer does so, the debt

14  collector must cease collection of the debt until the debt collector has obtained verification of the

15  debt and sent it to the consumer.[44]  Rivera's request was almost three months late; the notice of

16  default was recorded on February 19, 2015, and she did not notify Shellpoint that she disputed the

17  debt and request verification until June 10, 2015.  Even if Rivera's request were timely, Shellpoint

18

19  [40] *See, e.g.*, *Hulse v. Owen Fed. Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); *Gamboa v. Trustee
    Corps.*, 2009 WL 656285, at * 4 (N.D. Cal. Mar. 12, 2009); *Camacho-Villa v. Great Western Home
20  Loans*, 2011 WL 1103681, at * 4 (D. Nev. Mar. 23, 2011); *Durland v. Fieldstone Mortg. Co.*, 2011
    WL 805924, at * 5 (S.D. Cal. Mar. 1, 2011); *Huck v. Countrywide Home Loans*, 2011 WL 3274041,
21  at * 2 (D. Nev. July 29, 2011) (stating that "[t]his court agress with other courts in the Ninth Circuit
    that notices of default do not qualify as debt collection."); *Wensley v. First Nat. Bank of Nevada*, 874
22  F. Supp. 2d 957 (D. Nev. 2012).

23
    [41] ECF 1 at 16.  On the copy of the notice of default and election to sell submitted by Rivera, the
24  required warning is actually circled with a handwritten label:"mini miranda warning 15 U.S.C.
    1692e(11)."
25

26  [42] *Id.* at 9.

27  [43] ECF 6 at 6.

28  [44] 15 U.S.C. § 1692g(b).

provided all the information that was required of it along with more than 60 pages of supporting documents, including copies of the assignment, adjustable-rate note, allonge to the note, adjustable-rate rider, deed of trust, truth-in-lending disclosure, loan application, settlement statement, loan-modification agreement, notices of servicing transfer, and the loan-transaction history.[45]  Rivera has not identified any information that Shellpoint was required to disclose that it did not.  And finally, Rivera alleges no facts to show that Shellpoint engaged in any collection activity after its purportedly insufficient response.  Rivera has therefore not stated a plausible claim for violation of § 1692g under any theory.

Rivera also fails to state a plausible claim for relief under any of the other sections she references—§§1692d, 1692j, 1692i, and 1692f(1).  Section 1692d prohibits harassing, oppressive, or abusive debt collection.  Rivera does not allege that Shellpoint made threats of violence, used obscene or profane language, or engaged in any other behavior that would give rise to liability under this section.  Section 1692j does not apply because Rivera does not allege that Shellpoint is falsely claiming to service the loan on behalf of The Bank of New York Mellon.  Section 1692i governs venue on actions brought by debt collectors; Rivera does not allege that Shellpoint brought a debt-collection action in an improper venue.  Finally, § 1692f(1) prohibits a debt collector from collecting any amount not authorized by the agreement creating the debt or permitted by law.  Because Rivera has not identified any specific amount sought to be collected by Shellpoint that was not authorized by the loan documents or was prohibited by law, she also fails to state a claim under § 1692f.

**D.    Leave to Amend**

Having determined that Rivera fails to state any plausible claim for relief under the FDCPA, I next consider whether she should be granted leave to amend.  Rivera does not request leave to amend, and it does not appear to me that the circumstances on which this case is based give rise to any plausible legal theory.  But the Ninth Circuit Court of Appeals has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it

---

[45] ECF 1 at 41–112.

1    determines that the pleading could not possibly be cured by the allegation of other facts."[46]

2    "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that

3    the deficiencies of the complaint could not be cured by amendment."[47]  So I will give Rivera an

4    opportunity to bring a motion for leave to amend, accompanied by a proper proposed amended

5    complaint as this district's local rule 15-1 requires, if she believes she can plead true facts to cure the

6    deficiencies in her complaint that I have identified in this order.  Rivera is cautioned that:

7        1.    Her new complaint should be entitled "First Amended Complaint" and must comply

8            with the Federal Rules of Civil Procedure and Local Rules of this court, available on

9            the court's website at http://www.nvd.uscourts.gov/.

10        2.    She must include the factual and legal basis for each claim.  This means that she must

11            specifically identify the law, statute, or constitutional provision she claims was

12            violated by the conduct she alleges.  Each claim should be broken down into a

13            separate cause of action that contains all essential elements of the claim asserted and

14            states the specific relief requested for that claim.

15        3.    An amended complaint must be "complete in itself without reference to the" previous

16            version of the complaint.  See Local Rule 15-1(a).  The court cannot and will not

17            simply refer back to a prior pleading for other information; all allegations and claims

18            that are not carried forward are deemed waived.[48]  Therefore, Rivera must carry

19            forward (or restate) in the new version any information that she wants to continue to

20            plead and that has not been specifically dismissed by this order.

21        If Rivera does not demonstrate by her motion for leave to amend and proposed amended

22    complaint that the deficiencies in her pleading can be cured by amendment, this case will be

23    dismissed in its entirety with prejudice.

24

25    [46] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal quotation marks and citations omitted).

26

27    [47] *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (internal quotation marks and citation omitted).

28    [48] *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's Motion to Dismiss **[ECF 6]** is **GRANTED**, but this case will remain open to give plaintiff one final chance to plead a plausible claim.

IT IS FURTHER ORDERED that **plaintiff has until February 1, 2016**, to file a motion for leave to amend that complies with this order. If plaintiff fails to timely file this motion, or if plaintiff fails to demonstrate with that motion and proposed amended complaint that she can state a plausible claim for relief, this case will be dismissed with prejudice and closed.

IT IS FURTHER ORDERED that plaintiff's Motion for Summary Judgment **[ECF 14]** is **DENIED** as moot.

January 12, 2016

_____
Jennifer A. Dorsey
United States District Judge