# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Norma Rivera,

    Plaintiff

v.

Shellpoint Mortgage Servicing,

    Defendant

2:15-cv-01332-JAD-GWF

**Order Denying Request for Leave to Amend, Striking First Amended Complaint, and Dismissing Case with Prejudice**

[ECF No. 27]

    Norma Rivera sues New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing (Shellpoint) for violations of the Fair Debt Collections Practices Act (FDCPA).[1] Shellpoint moved to dismiss Rivera's complaint for failing to state a claim for relief.[2] I granted Shellpoint's motion because Rivera failed to articulate facts suggesting that Shellpoint had violated any provision of the FDCPA, but I gave "Rivera until February 1, 2016, to file a proper motion to amend if she can cure the deficiencies in her complaint. . . ."[3] I further instructed that, if Rivera "fails to demonstrate with [a motion to amend] and proposed amended complaint that she can state a plausible claim for relief, this case will be dismissed with prejudice and closed."[4]

    Rather than file a motion to amend with a proposed amended complaint as instructed, Rivera merely filed an amended complaint.[5] Shellpoint treated Rivera's filing as a motion and responded that Rivera's amended complaint is based on conclusory allegations and previously rejected legal theories.[6] Because Rivera has not demonstrated that the deficiencies in her original

---

[1] *See generally* ECF No. 1.

[2] ECF No. 6.

[3] ECF No. 26 at 9.

[4] *Id.* at 9.

[5] ECF No. 27.

[6] ECF No. 28.  I find these matters suitable for disposition without oral argument. *See* LR 78-1.

complaint can be cured by amendment, Shellpoint urges, I should deny Rivera leave to amend and dismiss this case with prejudice.[7]

Like Shellpoint, I treat Rivera's "first amended complaint" as a motion for leave to amend. In my order granting Shellpoint's motion to dismiss, I identified numerous deficiencies in Rivera's complaint.[8] Although she slightly rearranged and added a few allegations, Rivera largely regurgitates in her amended complaint the very same conclusory allegations that she made in her original complaint and that I deemed to be deficient.[9] Rivera still fails to offer facts suggesting that Shellpoint violated any of the litany of FDCPA sections that she cites. Rivera has not cured any of the fatal deficiencies that I previously identified nor has she demonstrated that they can be cured by amendment. Accordingly, with good cause appearing and no reason for delay,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that **Rivera's request for leave to amend [ECF No. 27] is DENIED, the Clerk of Court is instructed to STRIKE her unauthorized first amended complaint [ECF No. 27], and this case is DISMISSED with prejudice.**

DATED May 17, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[7] ECF No. 28. Shellpoint also included a single-sentence request for attorney's fees and costs, arguing that this case was brought in bad faith and for the purpose of harassment. As "[t]his cameo hardly qualifies as 'discussion[,]'" I do not consider it. *See CIGNA Corp. v. Amara*, 563 U.S. 421, 447 n. 1 (2011) (Scalia, J., concurring in judgment).

[8] ECF No. 26 at 5–7. The identified deficiencies were Rivera's failure to: (1) offer any facts suggesting that Shellpoint's notice of default did not contain the warnings required under the FDCPA or was otherwise defective under the law; (2) identify any information that Shellpoint was required to disclose but did not; (3) offer any facts showing that Shellpoint engaged in any collection activity after its purportedly insufficient response; (4) allege that Shellpoint made threats of violence, used obscene or profane language, or engaged in any other behavior that would give rise to liability under § 1692(d); (5) allege that Shellpoint is falsely claiming to service the loan on behalf of The Bank of New York Mellon; (6) allege that this is an improper venue; and (7) identify any specific amount sought to be collected by Shellpoint that was not authorized by the loan documents or is prohibited by law.

[9] *Compare* ECF No. 1 (original complaint) *with* ECF No. 27 (amended complaint).